**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HARRISON DIVISION**

**McKESSON CORPORATION, a Delaware corporation**     **PLAINTIFF**

V.                    CASE NO. 3:15-CV-3026

**C.C. "BUD" GRISHAM, an individual; and**
**THE ESTATE OF MARY FAYE (BURKE) GRISHAM,**
**C.C. "BUD" GRISHAM, Executor**     **DEFENDANTS**

## OPINION AND ORDER

Now pending before the Court is Plaintiff McKesson Corporation's ("McKesson") Motion to Strike (Doc. 26). McKesson asks the Court to strike certain pleadings filed by separate Defendants The Estate of Mary Faye (Burke) Grisham ("Estate") and C.C. "Bud" Grisham, in his capacity as executor of the Estate. McKesson contends that the Estate's Answers and Counterclaims (Docs. 16, 21), filed in response to both the original Complaint and the Amended Complaint, should be stricken as improperly filed. Both documents were submitted on behalf of the Estate by Grisham, an individual who is not a licensed attorney.

As the Court previously observed in its Order (Doc. 25) of May 27, 2015, the law is clear that an estate cannot be represented *pro se*. The Court directed the Estate to obtain legal counsel by a date certain, and the Estate complied by retaining counsel who entered her appearance in this matter on June 12, 2015, and filed an Amended Answer and Counterclaim (Doc. 35) on behalf of the Estate on June 29, 2015.

Despite the fact that the Estate is now properly represented, the Court agrees with McKesson that Grisham's earlier *pro se* filings made on behalf of the Estate were

improper.  Therefore, McKesson's Motion to Strike (Doc. 26) is **GRANTED**, and Docs. 16 and 21 are **STRICKEN**.

The Court now turns its attention to two Motions to Dismiss (Docs. 17, 29) that were filed by Grisham in his individual capacity.  The first Motion to Dismiss (Doc. 17) predates the filing of the Amended Complaint and is duplicated in substance by the later-filed second Motion to Dismiss (Doc. 29).  The first Motion to Dismiss (Doc. 17) is therefore **DENIED AS MOOT**.  With respect to the second Motion to Dismiss, it asserts that the Amended Complaint fails to state facts specific to Grisham as an individual and only states facts related to Grisham's limited role as executor of his sister's Estate.  Grisham posits that McKesson has sued him individually in order "to intimidate him through expense, time and stress so that [Grisham], as executor, will surrender to plaintiff's demands."  (Doc. 29, p. 3).

McKesson responds (Doc. 31) that it has stated numerous plausible facts in the Amended Complaint concerning Grisham in his individual capacity, and if such facts are assumed true, they state valid claims for relief against Grisham.  In determining the standard of review that is appropriate here, the Court observes that "[t]echnically . . . a Rule 12(b)(6) motion cannot be filed after an answer has been submitted," *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990), and Grisham's second Motion to Dismiss was filed after he answered the Amended Complaint.  Accordingly, the Court will treat the second Motion to Dismiss as one made pursuant to Rule 12(c) for judgment on the pleadings, a distinction that is "purely formal," according to the Eighth Circuit, as the same standard of review is employed for 12(c) motions as for 12(b)(6) motions.  *Id.*

"When evaluating a motion for judgment on the pleadings, a court must accept as true all factual allegations set out in the complaint, and must construe the complaint in the light most favorable to the plaintiff, drawing all inferences in his favor." *Wishnatsky v. Rovner*, 443 F.3d 608, 610 (8th Cir. 2006). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Id.* The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009) (citing *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Upon consideration of the facts alleged in the Amended Complaint, the Court finds them sufficient to state plausible claims against Grisham in his individual capacity, at least at this early stage of the litigation. Accordingly, Grisham's Motion to Dismiss (Doc. 29) is **DENIED**.

**IT IS SO ORDERED** on this 2nd day of July, 2015.

    /s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE